The bill in this case was exhibited against the defendant and his securities for the administration of his intestate’s estate to recover the amount of an account for carpenter’s work done by the plaintiff for the sold intestate, in his life-time. It charged the administrator, among other things, with making a partial inventory and appraisement of the assets, without returning any account of sale; and alleged that the goods appraised were sold at an under value, and purchased by the family of the intestate ; and that the administrator pretended he had fully administered all the assets. It therefore prayed that an account '*might be taken of the administration of the defendant before a commissioner of this Court, and that, in case he should fail to pay the sum which might finally be decreed against him, his securities, the other defendants might be compelled to do it for him. To this bill there was a plea to the jurisdiction of the Court, stating that the claim was cognizable only in a Court of common law ; and the administrator by way of answer, also stated, that he had made out and returned an inventory; that the estate was fairly and publicly sold; and that he and his brother were the buyers ; that he had fully administered the assets, and that, for want of assets, debts of a superior dignity were still due. The Court heretofore overruled the plea, and directed one of the commissioners to take an account of the administration ; and also directed an issue at law, to ascertain how much money was due from the intestate to the complainant. The verdict of the jury thereupon was certified, and the cause now came on to be finally heard.
By the Court. There is nothing in this case which made it necessary for the plaintiff to bring his suit, in the first instance, in this Court. It is a common case of an account for work and labour, upon which the remedy, at law, is plainly pointed out. Upon a recovery there, and the return of an execution, *16 no effects, the plaintiff might have proceeded on, for a devastavit, or have brought his suit in equity, for a discovery of assets, as the case might be; but he has thought proper to begin in this Court, 1. To establish his demand ; 2. For an account of assets ;„3. To be paid by the administrator ; and, 4. If he should fail, then to be paid by the other defendants, who are the securities for the admin istration.
This is not the usual mode of proceedings — • for, if, in this case, the Court can entertain jurisdiction, there cannot be any cause that may not be brought in this Court, if it be against an executor or administrator. The Court clearly understands the law to be, that, before a security for an executor or administrator can be sued at law, a devasta-vit must be fixed upon the-principal ;(1) and, if this be the case at law, why the same rule should not apply in this Court, will' not now be determined, as it is not necessary ; but certainly there are cases where, from some inevitable necessity, a creditor may be obliged to come into this Court, in the first instance, against the principal, and then, to prevent a circuity of actions, the securities should be made parties ; but this is not one of them.
*The authorities which have been cited to prove that the Court has jurisdiction, do not apply. They were all cases of legatees suing for their legacies, and asking a discovery of assets. Those were proper subjects for a Court of. Equity ; but the claim in this case is not ; for although it be a good general rule, that when a Court of Equity has jurisdiction in part, it will entertain it forithe whole, yet a party will not be allowed merely to suggest a discovery, or an account, in his bill, to give the Court jurisdiction, in order to deprive the other party of a trial at law, unless it should appear indispensable to the justice of his case; but this does not appear in the case now under consideration; on the contrary, it clearly appears that a discovery and an account of assets have been suggested as necessary, on purpose to avoid the proper Court.
The orders made in this cause, in May term, 1805, must be set aside, the plea allowed, and the bill dismissed with costs.

 See note to Turner and others v. Chinn’s executors, post, p. 54.